## Commonwealth v. Hilands

*William L. Showers,* for Commonwealth.
*Miller Alanson Johnson,* for defendant.

LESHER, P. J., April 13, 1939.—Defendant in this case, T. P. Hilands, was arrested by Pennsylvania Motor Police for operating an automobile on July 2, 1938, in Kelly

Township, Union County, Pa., at a greater rate of speed than 50 miles an hour.

An appeal was taken from the justice of the peace, and the matter was heard before the court on said appeal.

The State highway policeman testified that he determined the rate of speed at which defendant was operating his motor vehicle by following with another motor vehicle, and determined the rate of speed from a speedometer on his car.

At the conclusion of the Commonwealth's case, defendant asked that the case be dismissed and defendant discharged for the reason that there was no testimony that the speedometer on the car operated by the Pennsylvania motor policeman had been tested within 30 days of the time of the said arrest, as required by law.

The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 5, 1937, P. L. 1718, provides that where a car is timed by a peace officer using a motor vehicle equipped with a speedometer, the same must have been tested for accuracy within a period of 30 days prior to the alleged violation.

The motor policeman testified that his speedometer had been tested but, apparently, had no knowledge of the same, excepting a card which he produced at the trial of the case, stating that a test had been made by Samuel Adams, signed by Mr. Adams.

Mr. Adams was called, and testified that he had tested the speedometer on a car bearing license no. 31854.

Defendant raised the question that there was no testimony that the speedometer in question which had been tested by Mr. Adams was on the car being operated by the motor policeman at the time of the violation in question.

After a motion to dismiss the case, the court recalled P. A. Salamone, who testified that "We have a party who changes the speedometers at Harrisburg, and the old speedometer is taken to Mr. Adams, and he keeps a record."

The court found defendant guilty of operating his car at a greater rate of speed than 50 miles an hour.

Defendant asked for a hearing in the matter, and the testimony was transcribed.

We feel that the requirements of the act of assembly that the speedometer must be tested within 30 days prior to the violation, for accuracy, are mandatory.

The testimony in this case as to the matter of whether or not this speedometer in question was tested, is very indefinite and uncertain.

Although the police officer testified that his speedometer had been tested, yet when he was recalled he practically admitted that he had no knowledge whatsoever on the matter of the testing of his speedometer, excepting the card which, apparently, had been given to him by some person.

However, he testified the speedometers were taken off at Harrisburg and then given to Mr. Adams.

Mr. Adams admitted that he tested a great many of these speedometers, and in response to a question by the court: "Was the patrolman's speedometer inaccurate within a half a mile?" he stated: "I cannot state those particular ones, due to the fact that I test 20 of the speedometers of the motor policemen in a month." So that he practically admits that he does not know whether or not the speedometer upon the automobile operated by the highway patrolman, at this time, had been tested by him on June 23, 1938, or whether or not the car it was then on was the car bearing license no. 31854.

We feel that the Commonwealth has not established the fact that the speedometer in question had been inspected for accuracy within the time required by law.

The finding of the court that defendant was guilty must, therefore, be reversed, and we now find the defendant not guilty.

And now, April 13, 1939, we find defendant, T. P. Hilands, not guilty, the costs to be paid by the County of Union.